UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLATUNDI LEANN GIBBS,<br><br>Petitioner,<br><br>v.<br><br>DEBORAH K. JOHNSON,<br><br>Respondent. | No. 2: 16-cv-1753 KJN P<br><br><br><br>ORDER |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned. (ECF Nos. 13, 16.) Petitioner challenges her 2014 conviction for second degree robbery, in violation of California Penal Code § 211, and use of a deadly or dangerous weapon in commission of the robbery, in violation of California Penal Code § 12022(b)(1). (Respondent's Lodged Document 1.)

This action proceeds on the original petition filed June 27, 2016.[1] The petition raises the following claims: 1) after petitioner arrived in prison, her conviction was changed from a

---

[1] The petition does not contain a proof of service in order for the court to determine when it was filed pursuant to the mailbox rule. Giving petitioner the benefit of the doubt, the undersigned finds that the petition was filed the date it was signed, i.e., June 27, 2016.

1

violation of California Penal Code § 211 to a violation of California Penal Code § 212.5 (claim one); 2) insufficient evidence to support petitioner's conviction for use of a deadly weapon because the knife was in her co-defendant's bag (claim two); and 3) trial counsel was ineffective for failing to call the Walmart security guard to the stand (claim 3).

Pending before the court is respondent's motion to dismiss on grounds that this action is barred by the statute of limitations. (ECF No. 14.) For the reasons stated herein, respondent's motion is granted with respect to claims 2 and 3. For the reasons stated herein, claim 1 is denied because petitioner is not entitled to relief as to this claim.

II. Claim 1

Petitioner alleges that she was convicted of second degree robbery in violation of California Penal Code § 211. Petitioner alleges that after she arrived in prison, she discovered that her conviction had been changed to a violation of California Penal Code § 212.5.

Petitioner's abstract of judgment states that petitioner was convicted of violating California Penal Code § 211, second degree robbery. (Respondent's Lodged Document 1.) Attached to the petition is a document titled "Legal Status Summary." (ECF No. 1 at 8.) This document indicates that it was prepared by the California Department of Corrections and Rehabilitation ("CDCR"). (Id.) The Legal Status Summary states that petitioner was convicted of second degree robbery in violation of California Penal Code § 212.5(c). (Id.)

California Penal Code § 212.5 defines the degrees of robbery. Subsection (c) of this section states that "[a]ll kinds of robbery other than those listed in subdivisions (a) and (b) are of the second degree." Cal. Penal Code § 212.5(c). Therefore, petitioner's conviction was not changed from a violation of § 211 to a violation of § 212.5(c). Rather, the citation to § 212.5(c) in the Legal Status Summary is another way of stating that petitioner was convicted of second degree robbery. Moreover, there is no evidence that the official records of petitioner's conviction, such as the abstract of judgment, were changed to reflect a violation of the California Penal Code other than § 211.

For the reasons discussed above, petitioner's claim that her conviction was improperly changed by the CDCR following her incarceration is without merit. Accordingly, this claim is

dismissed. See Rule 4 of the Federal Rules Governing Section 2254 Cases (court may dismiss petition if it plainly appears that petitioner is not entitled to relief).

III. Statute of Limitations

    A. Calculation of Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

On October 24, 2014, petitioner was sentenced. (Respondent's Lodged Document 1.) Petitioner did not appeal the judgment. Accordingly, her conviction became final 60 days later, on December 23, 2014, when the time for filing an appeal expired. See Cal. Rule of Court 8.308(a) (notice of appeal must be filed within 60 days of criminal judgment); see also Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (California conviction becomes final 60 days after judgment if not appealed). Respondent argues, and the undersigned agrees, that the statute of limitations began running the following day, December 24, 2014. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed.R.Civ.P. 6(a)).

3

Petitioner had until December 24, 2015, to file a timely federal petition. The instant action, filed June 27, 2016, is not timely unless petitioner is entitled to statutory or equitable tolling.

B. Statutory Tolling

*Legal Standard*

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." Biggs v. Terhune, 339 F.3d 1045, 1046 (9th Cir. 2003); see also Carey v. Saffold, 536 U.S. 214, 219-25 (2002) (in California cases, a post-conviction matter is "pending" between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court"). Continuous tolling under Section 2244(d)(2)—commonly referred to as interval or gap tolling—is available only if a prisoner acted promptly in seeking relief at the next state court level. See Evans v. Chavis, 546 U.S. 189, 191-92 (2006); Pace v. DiGuglielmo, 544 U.S. 408, 413-14 )(2005).

The statute of limitations is not tolled between the time the petitioner's conviction becomes final on direct review and the time the first state collateral challenge is filed because there is no case "pending" during that time. Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007).

*Background of State Habeas Petitions*

Petitioner filed the following four post-conviction collateral challenges to her conviction.

On June 16, 2015, petitioner filed a habeas petition in the Sacramento County Superior Court. (Respondent's Lodged Document 2.) The Superior Court denied this petition on July 31, 2015. (Respondent's Lodged Document 3.)

On August 12, 2015, petitioner filed that habeas corpus petition in the California Court of Appeal. (Respondent's Lodged Document 4.) On August 20, 2015, the California Court of Appeal denied this petition. (Respondent's Lodged Document 5.)

On March 20, 2016, petitioner filed another habeas corpus petition in the California Court of Appeal. (Respondent's Lodged Document 6.) On March 30, 2016, the California Court of Appeal denied this petition. (Respondent's Lodged Document 7.)

On April 11, 2016, petitioner filed a habeas corpus in the California Supreme Court. (Respondent's Lodged Document 8.) On June 8, 2016, the California Supreme Court denied this petition. (Respondent's Lodged Document 9.)

*Discussion*

Respondent concedes that petitioner is entitled to 66 days of statutory tolling from the date she filed her petition in the Superior Court to when the California Court of Appeal denied her first state appellate petition, i.e., from June 16, 2015, to August 20, 2015. Adding 66 days to the limitations period extends it to February 28, 2016.

For two reasons, respondent argues that petitioner is not entitled to interval tolling for the 212 days between the date the California Court of Appeal denied the first state appellate petition (August 20, 2015) and the date petitioner filed her second petition in the California Court of Appeal (March 20, 2016). Respondent argues that petitioner is not entitled to gap tolling because she delayed in filing the second petition. Respondent also argues that petitioner is not entitled to gap tolling because the state appellate petitions are successive.

It appears that the two state appellate petitions raised different claims. The first state petition is difficult to understand. Petitioner appeared to argue that her attorney had a conflict of interest by representing her in her criminal case and also investigating who shot her during an incident that occurred prior to the robbery. (Respondents' Lodged Document 4.) Petitioner also argued that her co-defendant's confession was improperly used against her. (Id.) The second state appellate petition raised the claims raised in the instant action. (Respondent's Lodged Document 6.)

Although the gaps or intervals between the filing of petitions to higher courts are usually tolled, the Ninth Circuit employs a two-part test to determine whether the period between petitions filed in the same court are tolled:

////

5

> First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a "new round" and the gap between the rounds is not tolled. But if the petitioner simply attempted to correct the deficiencies, then the petitioner is still making "proper use of state court procedures," and his application is still "pending" for tolling purposes. We then ask whether they were ultimately denied on the merits or deemed untimely. In the former event, the time gap between the petitions is tolled; in the latter event it is not.

King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (citation omitted), overruled on other grounds by Evans v. Chavis, 546 U.S. 189 (2006); accord Banjo v. Ayers, 614 F.3d 964, 968–69 (9th Cir. 2010).

As noted above, petitioner's second state appellate petition raised new claims and was not an elaboration of the facts relating to the claims in the first petition. Therefore, petitioner is not entitled to interval tolling between these two petitions.[2]

Respondent also argues that petitioner is not entitled to interval tolling because of the delay in the filing of the second state appellate petition. For the reasons stated herein, the undersigned agrees that petitioner's delay in filing the second state appellate petition also forecloses interval tolling.

Under California law, a habeas petition is timely only if filed within a "reasonable time." See Chavis, 546 U.S. 189, 192 (2006). Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture ... 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal.4th 770, 780 (Cal. 1998)). A petition that has been substantially delayed may nevertheless be considered on the merits if the petitioner can establish good cause for the delay, such as investigation of a potentially meritorious

---
[2] The first state appellate petition may have alleged that trial counsel was ineffective for failing to call the Walmart security guard to the stand. As discussed above, the second state appellate petition raised this claim as well. However, the first state appellate petition clearly did not raise a claim alleging insufficient evidence to support petitioner's conviction for use of a deadly weapon.

6

claim, or to avoid piecemeal presentation of claims. Robbins, 18 Cal.4th at 780. In order to establish good cause for his failure to file a timely state habeas petition, petitioner must demonstrate that he acted diligently in pursuing his claims. See Robbins, 18 Cal.4th at 808-09 (1988).

The second state appellate petition is presumptively untimely because it was filed more than 60 days after the California Court of Appeal denied the first state appellate petition. The undersigned next considers whether petitioner has shown good cause for this delay.

The second petition filed in the California Court of Appeal raised the claims now presented in claims 2 and 3, i.e., insufficient evidence and ineffective assistance of counsel. The form for the second state appellate petition contained a section asking petitioner to explain "any delay in the discovery of the claimed grounds for relief and in raising the claims in the petition." (Respondent's Lodged Document 6, at p. 6.) Petitioner wrote in this section, "Not able to obtain discovery. Judge, courts can obtain discovery." (Id.)

Petitioner's claim that she delayed in filing the second state appellate petition because she was unable to obtain discovery is vague and conclusory. Petitioner does not describe the discovery she required to raise the two claims alleged in that petition. Petitioner also does not describe any attempts she made to obtain discovery prior to filing the petition. It is unclear why petitioner would require discovery to raise claims 2 and 3. For these reasons, the undersigned does not find that petitioner demonstrated good cause for the delay in the filing of her second state appellate petition. See In re Robbins, 18 Cal.4th at 780 (a petitioner must allege, with specificity, facts supporting claim of good cause for delay). Accordingly, petitioner is not entitled to interval tolling with respect to the gap between the denial of the first state appellate petition and the filing of the second state appellate petition.

Because the limitations expired on February 28, 2016, petitioner is not entitled to statutory tolling for the time the second state appellate petition and the petition filed in the California Supreme Court were pending. This conclusion is because these petitions were filed after the statute of limitations expired. A petition filed after the expiration of the statute of limitations cannot extend the limitations period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003);

Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner filed the instant action after the statute of limitations ran on February 28, 2016. Accordingly, the instant action is not timely unless petitioner is entitled to equitable tolling.

C. Equitable Tolling

*Legal Standard*

The one year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

*Discussion*

On April 14, 2017, the undersigned ordered petitioner to show cause for her failure to file an opposition to the pending motion to dismiss. (ECF No. 18.) In her response to the order to show cause, petitioner raises claims in support of equitable tolling. (ECF No. 20.) The undersigned addresses these claims herein.

Petitioner argues that she did not file a timely federal petition because she did not have any help from anyone at the law library. (Id. at 4.) Petitioner also states that she was programming most of the days of the week. (Id.) Petitioner also states that in a 6 to 8 month period, she transferred from prison to prison. (Id.) Petitioner states that "a lot of the times on D Yard at Chowchilla Women's Prison we were [quarantined]." (Id.) It is difficult to read petitioner's handwriting, but she appears to state "more than one person sick so we were on lockdowns." (Id.) Petitioner states that because there were a lot of lockdowns, she could not get to the law library. (Id.)

With respect to petitioner's claim that she did not have help from anyone at the law library, lack of education and ignorance of the law do not constitute extraordinary circumstances warranting equitable tolling. See, e.g., Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); Baker v. Cal. Dep't of Corr., 484 Fed.Appx. 130, 131 (9th Cir.

2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance...are not extraordinary circumstances to warrant equitable tolling....").

With respect to her claim of frequent transfers, petitioner does not allege how the frequent transfers prevented her from filing a timely federal petition.[3] Petitioner also does not allege when these transfers occurred. Because this claim is conclusory, the undersigned finds that petitioner has not met her burden of demonstrating how these transfers prevented her from filing a timely federal petition. See Pace, 544 U.S. at 418 (petitioner bears the burden of establishing equitable tolling).

Petitioner alleges that she was frequently denied access to the law library due to lockdowns, some caused by quarantines. Petitioner does not provide any specific information showing the dates and durations of the lockdowns. Accordingly, petitioner has not demonstrated that her lack of law library access prevented her from filing a timely federal petition. See Melgar v. Schwartz, 2012 WL 4512084 at *4 (C.D. Cal. 2012) (citing Williams v. Dexter, 649 F.Supp.2d 1055, 1061–62 (C.D.Cal. Aug.19, 2009) (petitioner's claim for equitable tolling based on "frequent" prison lockdowns was without merit because the claim was "unsupported by competent evidence and [was] grossly conclusory").

For the reasons discussed above, the undersigned finds that petitioner is not entitled to equitable tolling.

Accordingly, IT HEREBY ORDERED that:

1. Petitioner's claim 1 is dismissed because it is without merit;

2. Respondent's motion to dismiss (ECF No. 14), as to claims 2 and 3, is granted;

////

////

////

---

[3] At the time petitioner filed her first state appellate court petition on August 12, 2015, she was housed at a prison in Corona, California. (Respondent's Lodged Document 4.) At the time petitioner filed her second state appellate petition on March 20, 2016, she was housed at a prison in Chowchilla, California. (Respondent's Lodged Document 6.) In the second state appellate petition, petitioner did not allege that her delay in filing the second petition was caused by transfers or inadequate law library access. (See Respondent's Lodged Document 6.)

9

3. The court declines to issue a certificate of appealability.

Dated: July 13, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Gibbs1753.dis

kc